UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  13-62229-CIV-ROSENBAUM/HUNT

ZURICH AMERICAN INSURANCE
COMPANY,

        Plaintiff,

v.

EDNIC TRADING CORPORATION d/b/a
HOLLYWOOD SHELL and LUIGI DIRENZO,

        Defendants.
_____/

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT**

This matter is before the Court upon Plaintiff's Motion for Default Judgment [ECF No. 22]. The Court has considered the Motion and the entire case file and is otherwise fully advised in the premise.  For the reasons set forth below, the Court denies Plaintiff's Motion without prejudice.

**I. Background**

In the pending Motion [ECF No. 22], Plaintiff seeks the entry of a default judgment against Defendant Ednic Trading Corporation in an action seeking declaratory relief concerning Plaintiff's rights and obligations under an insurance policy.  Specifically, Plaintiff is requesting a declaration from this Court that the commercial general liability insurance issued by Plaintiff to Defendant is void *ab initio* due to Defendant's material misrepresentations and that, as a result, Plaintiff has no duty to defend or indemnify Defendant with respect to an underlying state-court action currently pending in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida. *See* ECF No. 1.

On January 30. 2014, the Court issued an Order directing counsel for Plaintiff to serve a copy of the Order and the Motion for Default Judgment on Defendant so that it could respond to the Motion if it wished to do so. The Court provided Defendant with ten days from the date of service to respond to the Motion for Default Judgment and directed Plaintiff to file a notice with the Court certifying the date upon which such service has been accomplished. *See* ECF No. 23. As of the date of this Order, Defendant has responded to neither the Motion for Default Judgment nor Plaintiff's Complaint. Plaintiff now seeks a default declaratory judgment against Defendant.

## II. Discussion

Under Rule 55, Fed.R.Civ.P., if a defendant fails to plead or otherwise defend a complaint filed against it, the Clerk of Court may enter a default against that party. Fed.R.Civ.P. 55(a). Once a default is entered, a plaintiff may seek entry of a default judgment against the defaulting defendant. Fed.R.Civ.P. 55(b). The entry of a clerk's default, however, does not necessarily require the Court to enter a default judgment. *North Pointe Ins. Co. v. Gobal Roofing & Sheet Metal, Inc.*, No. 6:12-cv-476-Orl-31TBS, 2012 WL 5378826, at *1 (M.D. Fla. Sep. 4, 2012) (citing *DIRECTV, Inc. v. Trawick*, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005)). In particular, "[w]here there are multiple defendants, the court must consider whether it may be more prudent, under the circumstances, to delay entering a default judgment against only one of the defendants." *Id.*; *see also Owners Ins. Co. v. Shamblin & Shamblin Builders, Inc.*, No. 8:13–cv–1929–T–30MAP, 2013 WL 6170597, at *1 (M.D. Fla. Nov. 21, 2013). This consideration is particularly important where a default judgment may results in inconsistency. *See Burger v. Hartley*, No. 11-62037-CIV, 2012 WL 398649, at *2 (S.D. Fla. Feb. 7, 2012) (quoting *Marshall & Ilsey Trust Co. v. Pate*, 819 F.2d 806, 811 (7th Cir. 1987)) (internal quotation marks omitted).

2

Here, although Defendant Ednic Trading Corporation is in default, Defendant Luigi Direnzo has appeared in this case and has timely filed an Answer to the Complaint. *See* ECF No. 13. As the case remains pending as to one Defendant, the Court concludes that it would be improper to enter judgment in favor of Plaintiff at this juncture, especially since Plaintiff seeks declaratory relief to determine its rights under an insurance policy as it pertains to the state-court lawsuit between Direnzo and Ednic. *See Global Aerospace, Inc. v. Platinum Jet Mgmt., LLC*, No. 09-60756-CIV, 2009 WL 3400519, at *5 (S.D. Fla. Oct. 20, 2009) ("[C]ourts routinely withhold default judgments declaring that an insurance policy is inapplicable until the claims against the defendants who appear in the action are adjudicated."); *North Pointe Ins.*, 2012 WL 5378826, at *4 (the justification for withholding entry of default judgment "is particularly true when . . . the case involves the declaration of obligations and coverage under an insurance agreement that is the subject of an underlying dispute"). Because a default judgment against Ednic raises the risk of inconsistent judgments, the Court declines to adjudicate Plaintiff's Motion at this time.

### III. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Default Judgment [ECF No. 22] is **DENIED WITHOUT PREJUDICE**. Plaintiff may reassert its Motion, to the extent appropriate, when this case becomes ripe for final resolution.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 5th day of March 2014.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of record